**Mary L. BRANDT and Natalie Z. Shell, Appellants,**

**v.**

**Walter J. HICKEL, Secretary of the Interior, et al., Appellees.**

**No. 22748.**

United States Court of Appeals, Ninth Circuit.

May 11, 1970.

Paul B. Witmer, Jr., (argued) of Jacobs, Jacobs, Nelson & Witmer, Santa Ana, Cal., John P. Moffitt (argued) of Goodstein & Moffitt, Los Angeles, Cal., for appellants.

George R. Hyde, Atty. (argued) Lands Division, Wm. D. Ruckelshaus, Asst. Atty. Gen., Civil Division, Roger P. Marquis, Dept. of Justice, Washington, D. C., William M. Byrne, U. S. Atty., Los Angeles, Cal., John P. Hyland, U. S. Atty., Sacramento, Cal., for appellees.

Before CHAMBERS and JERTBERG, Circuit Judges, and THOMPSON, District Judge.

CHAMBERS, Circuit Judge:

On June 12, 1959, Mary Brandt and Natalie Shell submitted a non-competitive oil and gas lease offer to the Los Angeles office of the Bureau of Land Management.[1] On the line of the form provided for designation off offeror, appellants listed their names and also designated their interests as follows: "Mrs. Mary L. Brandt, as to an undivided three-fourths interest and Mrs. Natalie Z. Shell, as to an undivided one-fourth interest." The Los Angeles office interpreted an Interior Department decision as prohibiting issuance of leases where the offer form designates unequal inter-

---

1. The lease offer was pursuant to 30 U.S.C. § 226.

ests and thus issued a decision which provided that:

> "[S]ubject offer is hereby held for rejection. However, the offerors are allowed the right to substitute within 30 days new offer forms (forms enclosed) eliminating any reference to unequal interests, without losing their priority. Failure to do so within the time allowed will result in the final rejection and closing of the case without further notice."

Although appellants were advised of their right to appeal the decision, they chose to submit another offer form which deleted any reference to unequal interests. Shortly thereafter, one Raymond J. Hansen entered the picture by filing a protest against the issuance of an oil and gas lease to the appellants. Apparently, Hansen's priority was junior only to that of appellants in that Hansen had filed a lease offer for the identical land described in appellants' lease offer thirteen days after appellants first filed their offer. The Los Angeles office held against Hansen and he appealed the decision to the director of the Bureau of Land Management. The director dismissed Hansen's protest on the ground that the Los Angeles office erred in requiring the appellants to submit amended lease forms because the original lease offer was correct. Hansen then appealed to the Secretary of the Interior, who reversed the director's decision. The Secretary concluded that the amended offer was an attempt to create a new offer and that by failing to appeal from the decision of the Los Angeles office concerning the validity of the original lease offer, the appellants lost any right to assert the validity of the original offer. The Secretary also held that the land office had no authority to give the new Brandt-Shell offer filed on September 25, 1961, priority over Hansen's offer which was filed on June 25, 1959.

Appellants filed an action in the district court seeking judicial review of the Secretary's decision. Hansen and the Secretary (then Stewart Udall) were named as defendants but service was not obtained on Hansen. The district court granted the government's motion for summary judgment, and denied plaintiff-appellants' motion for summary judgment and entered judgment ordering the appellants' second amended complaint be dismissed with prejudice. On appeal, this court dismissed the appeal for lack of jurisdiction because of the absence of an order as required by Rule 54(b), Federal Rules of Civil Procedure. Following remand, Hansen was personally served and appeared by way of filing a motion for summary judgment on the same grounds set forth in the government's motion. The district court granted Hansen's motion for summary judgment and judgment was entered accordingly. A new appeal was taken and since no new issues were raised appellants' motion for an order permitting the use herein of the record and briefs filed in the prior appeal (case #21,217) was granted.

The district court's jurisdiction to review the Secretary's decision in these circumstances is well established in the Ninth Circuit. In Coleman v. United States, 9 Cir., 363 F.2d 190, reversed on other grounds, 390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 170, we held that "although the Administrative Procedure Act does not permit a trial *de novo* of administrative decisions, it does authorize and require judicial review under the standards of the Administrative Procedure Act * * *." 363 F.2d at 193 (citations omitted). In reviewing Coleman, the Supreme Court did not find it necessary to discuss jurisdictional difficulties although jurisdiction under the Administrative Procedure Act was an issue before the Court.[2]

---

2. Cases where federal courts have exercised powers of review over decisions of the Secretary of the Interior include: Wilbur v. United States ex rel. Krushnic, 280 U.S. 306, 50 S.Ct. 103, 74 L.Ed. 445; Udall v. Oil Shale Corp., 10th Cir., 406 F.2d 759; Converse v. Udall, 9th Cir., 399 F.2d 616, cert. denied, 393 U.S. 1025, 89 S.Ct. 635, 21 L.Ed.2d 569; Turner v. Kings River Conservation

■ The difficulty we see in the Secretary's decision concerns appellants' constitutional right to procedural due process of law. Having established a system of appeals,[3] the Secretary is constitutionally bound to administer that system in a manner consistent with established concepts of due process. Due process requires that a party who is adversely affected by a Land Department decision must be afforded proper notice of action to be taken or which has been taken. See Best v. Humboldt Placer Mining Co., 371 U.S. 334, 83 S.Ct. 379, 9 L.Ed.2d 350; Shields v. Utah Idaho Central R. R., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111. The due process clause requires that notice must be reasonably calculated to inform parties of proceedings which may directly and adversely affect their legally protected interests. Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178; Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865. The standard as applied to administrative agencies is broadly stated in Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 143, 60 S.Ct. 437, 442, 84 L.Ed. 656:

> "[L]aws under which [administrative] agencies operate prescribe the fundamentals of fair play. They require that interested parties be afforded an opportunity for hearing and that judgment must express a reasoned conclusion."

In deciding whether appellants' right to appeal from the decision of the Los Angeles office was frustrated, the applicable standard is whether the decision was a reasoned conclusion clearly apprising appellants of the action taken, thus enabling them to determine whether their interests were adversely affected. We conclude that the decision did not satisfy due process requirements of notice in two major aspects.

■ The first deficiency is that the decision did not adequately inform appellants that they were adversely affected. That is, the decision affirmatively promised that an adverse effect need not result:

> "However, the offerors are allowed the right to substitute within 30 days new offer forms (forms enclosed) eliminating any reference to unequal interests without losing their priority."

Unfortunately for appellants, the promise that loss of priority would not result was unauthorized by statute, regulation, or decision. The Secretary attached no weight to the unauthorized promise other than to term it regrettable and decided that he could not be bound or collaterally estopped by the fact that the land office decision gave misinformation to appellants. Not every form of official misinformation will be considered sufficient to estop the government. See 2 K. Davis, Administrative Law Treatise Section 17.01 et seq. Yet some forms of erroneous advice are so closely connected to the basic fairness of the administrative decision making process that the government may be estopped from disavowing the misstatement. Cases where the Secretary of the Interior has been held collaterally estopped from disavowing offical advice include: Seaton v. Texas Co., 103 U.S. App.D.C. 163, 256 F.2d 718; Chapman

---

Dist., 9th Cir., 360 F.2d 184; Adams v. Witmer, 9th Cir., 271 F.2d 29. The court in Washington v. Udall, 9th Cir., 417 F.2d 1310, held that the facts justified jurisdiction under the Administrative Procedure Act but emphasized that "such review is *not* available on the theory that the Act constitutes a consent of the United States to all suits of whatever nature and, as such, a blanket waiver of sovereign immunity." 417 F.2d at 1320. Applying the test propounded in Washington v. Udall, jurisdiction under the

Administrative Procedure Act is present here because review is sought to correct administrative action which is inconsistent with the requirements of due process. See Barlow v. Collins, 397 U.S. 159, 90 S.Ct. 832, 25 L.Ed.2d 192 (it is only upon a showing of clear and convincing evidence of a contrary legislative intent that the courts should restrict access to judicial review of administrative action).

3. 43 C.F.R. § 3001.0–8.

v. El Paso Natural Gas Co., 92 U.S.App. D.C. 154, 204 F.2d 46. See also McKay v. Wahlenmaier, 96 U.S.App.D.C. 313, 226 F.2d 35.[4] We conclude that the collateral estoppel doctrine can properly be applied in this situation where the erroneous advice was in the form of a crucial misstatement in an official decision. The Secretary was understandably concerned that the estoppel doctrine can have a deleterious effect on administrative regularity. However, administrative regularity must sometimes yield to basic notions of fairness.

 The second major aspect in which the land office decision was defective was its ambiguity as to whether it was a final decision. The ambiguity regarding finality lies in the statements that "the subject offer is hereby *held for rejection*" and "failure to submit a new offer form will *result in the final rejection* and closing of the case without further notice." (Emphasis added.) Concluding that "there can be no mistake as to what the decision meant," the Secretary interpreted the decision as "saying that the old offer is defective and will be rejected unless a new substitute offer is filed; in that event, the old offer is supplanted and ceases to exist, consequently no final rejection of it is necessary." The Secretary's interpretation is only one of several possible interpretations of the finality language and due process is not satisfied by a decision which is subject to several constructions of an element such as finality.

Since the appellants were denied an effective right of appeal and thereby deprived of due process of law, the judgment of the district court is reversed and the appellants' right to appeal through Interior channels from the land office decision of September 12, 1961, conditionally rejecting their original lease offer is reinstated.[5]

We cannot now order the Secretary to make a lease but certainly it seems clear to us what should be done. To say to these appellants, "The joke is on you. You shouldn't have trusted us," is hardly worthy of our great government.

We would have a much different case if the booby trap unwittingly set for Mrs. Brandt and Mrs. Shell had somehow hurt the government. Bad advice cannot ordinarily justify giving away to individuals valuable government assets. This is no such case.

---

4. Thoroughly discussing the collateral estoppel doctrine as applied to the government, the court in United States v. Georgia-Pacific Co., 9th Cir., 421 F.2d 92 (1970) held that the Forest Service was estopped to deny a long-exercised administrative power over national forests.

5. The statutory preference right is mandatory and if a lease is to be issued to any-one it must be issued to the first qualified applicant. A lease issued in violation of this statutory preference right must be cancelled. R. S. Prows, 66 I.D. 19. See Boesche v. Udall, 373 U.S. 472, 83 S.Ct. 1373, 10 L.Ed.2d 491, upholding the authority of the Department of Interior in an administrative proceeding to cancel a prior lease improperly issued.