[Civ. No. 52221. First Dist., Div. Five. Oct. 6, 1983.]

GLORIETTA FOODS, INC., Plaintiff and Appellant, v.
CITY OF SAN JOSE et al., Defendants and Respondents.

836

**COUNSEL**

Joseph H. Huber and Gassett, Perry, Frank & Bondelie for Plaintiff and Appellant.

Robert J. Logan, City Attorney, and William B. Mayfield, Deputy City Attorney, for Defendants and Respondents.

**OPINION**

**KING, J.—■** In this case we hold that the time within which a claimant against a public entity must file suit to avoid the bar of the statute of limitations depends upon whether the public entity gives notice of rejection of the claim. If such notice is given, the statute of limitations is six months; if not, the statute of limitations is two years from the accrual of the cause of action.

Glorietta Foods, Inc., alleged it suffered damages as a result of action by the San Jose Fire Department and it properly filed a claim for damages against the City of San Jose in compliance with Government Code sections 910 and 911.2.[1]

Fifty days after the claim was filed, San Jose mailed a notice of rejection of the claim to Glorietta. Thirteen months after the mailing of the notice of

---

[1]All statutory references are to the Government Code.

rejection Glorietta filed a complaint for damages against San Jose. San Jose thereafter filed a motion for summary judgment which was granted, the trial court holding that Glorietta's action was barred by a six-month statute of limitations because San Jose had given a notice of rejection of the claim pursuant to the terms of 945.6, subdivision (a)(1).[2] Glorietta appealed. We affirm the judgment.

This case presents no factual disputes, only a matter of statutory construction. Glorietta contends that it had two years within which it could file the action pursuant to 945.6, subdivision (a)(2),[3] because San Jose failed to accept or reject Glorietta's claim within the 45 days prescribed by 911.6, subdivision (a), and 912.4, subdivision (a).

Historically, the issue of the appropriate statute of limitations for filing an action after a public entity rejected a claim (or it was deemed rejected) has been troublesome and confusing to litigants and the bar. Before 1969, 945.6 provided a very short limitation: six months after board action or deemed rejection. In 1968 the Legislature expanded this time frame by providing the action could be filed within the previous limitation period or one year from accrual of the cause of action, whichever period expired later. In 1970 the Legislature again amended 945.6 to provide that if notice of a rejection of a claim was given in the manner prescribed by 913 the action had to be commenced within six months after such notice was personally delivered or deposited in the mail. If such notice was not given, the action had to be commenced within two years from the accrual of the cause of action. (See 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 362, p. 1201.)

The 1970 amendments to 945.6 were adopted as a result of recommendations by the California Law Revision Commission. Its comments state that the 1970 amendments were "to require that an action be commenced within six months after notice of rejection (by action or nonaction) is given pursuant to 913. If such notice is not given, the claimant has two years from the accrual of his cause of action in which to file suit. . . .

---

[2]Section 945.6, subdivision (a)(1), provides: "(a) Except as provided in Sections 946.4 and 946.6 and subject to subdivision (b), any suit brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division must be commenced: (1) If written notice is given in accordance with Section 913, not later than six months after the date such notice is personally delivered or deposited in the mail."

[3]Section 945.6, subdivision (a)(2), provides: "If written notice is not given in accordance with Section 913, within two years from the accrual of the cause of action. If the period within which the public entity is required to act is extended pursuant to subdivision (b) of Section 912.4, the period of such extension is not part of the time limited for the commencement of the action under this paragraph."

"The triggering date generally will be the date the notice is deposited in the mail or personally delivered to the claimant, at which time the claimant will receive a warning that he has a limited time within which to sue and a suggestion that he consult an attorney. See Government Code section 913. No time limit is prescribed within which the public entity must give the notice, but the claimant is permitted six months from the date that the notice is given to file suit.

"If notice is not given, the two-year period allows ample time within which the claimant may file a court action." (Law Rev. Com. comment 1970 Amend., West's Ann. Gov. Code (1980 ed.) § 945.6 at p. 597.)

Glorietta contends that 911.6, subdivision (a),[4] and 912.4, subdivision (a),[5] require a public entity to accept or reject a claim within 45 days after its presentation, or there is a two-year period of limitations pursuant to 945.6, subdivision (a)(2).

It is true that 911.6, subdivision (a), and 912.4, subdivision (a), both provide that the board "shall" act within 45 days. However, 911.6, subdivision (a), applies only to applications for late claims, not to claims that are timely filed. Section 912.4 authorizes an extension of the 45-day period within which the board must act or the claim is deemed rejected by operation of law.

Prior to the trial court's decision, sections 911.6, subdivision (a), and 912.4, were last amended in 1965. A reading of the 1970 amendments to 945.6, subdivision (a), as explained by the law revision comments quoted above, makes it clear that a new legislative scheme was adapted to permit a public entity, pursuant to section 945.6, subdivision (a)(1), to give notice of rejection of a claim at any time and thereby commence the running of a six-month statute of limitations. If the public entity fails to give notice of rejection of the claim, pursuant to 945.6, subdivision (a)(2), the statute of limitations is two years from the accrual of the cause of action. San Jose having given a notice of rejection of Glorietta's claim, the trial court correctly ruled that the six-month limitations period applied and the action was barred.

---

[4] Section 911.6, subdivision (a), provides: "The board shall grant or deny the application within 45 days after it is presented to the board. The claimant and the board may extend the period within which the board is required to act on the application by written agreement made before the expiration of such period."

[5] Section 912.4, subdivision (a), provides: "The board shall act on a claim in the manner provided in Section 912.6 or 912.8 within 45 days after the claim has been presented. If a claim is amended, the board shall act on the amended claim within 45 days after the amended claim is presented."

The judgment is affirmed.

Low, P. J., and Haning, J., concurred.