**Nancy M. HALUS, Plaintiff,**

**v.**

**SAN DIEGO COUNTY ASSESSMENT APPEALS BOARD, et al., Defendants.**

**No. 91–1809–GT (LSP).**

United States District Court, S.D. California.

April 20, 1992.

Nancy M. Halus, pro se.

Lloyd M. Harmon, Jr., County Counsel, Diane Bardsley, Chief Deputy, Ricky R. Sanchez, Deputy, San Diego, Cal., for defendants.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

GORDON THOMPSON, Jr., District Judge.

On February 4, 1992, the defendants San Diego County Assessment Appeals Board

and Ruth Williams filed a motion requesting dismissal of this case. Subsequently, plaintiff Nancy Halus, proceeding in propria persona, filed an opposition, and defendants then filed a reply. At the initial hearing on March 27, 1992, the Court ordered further briefing. In response to this order, defendants and plaintiff filed supplemental memorandums of points and authorities. The Court has fully considered this matter, including review of the papers filed by the parties, the authorities cited therein, and the arguments presented.

## BACKGROUND

Plaintiffs complaint alleges acts that occurred on October 23, 1990. Sometime thereafter, plaintiff filed a claim with the County Claims Division. On June 17, 1991, the County Claims Supervisor issued the County's ruling on this claim. In a letter addressed to plaintiff, the County Claims Supervisor rejected plaintiff's claim. *See* Exhibit 1. In this letter, the County warned:

> "Subject to certain exceptions, you [plaintiff] have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code Section 945.6."

Plaintiff proceeded to file her complaint in federal court on December 16, 1991, one day before the expiration of the six month period.

## CONCLUSIONS OF LAW

In support of their motions to dismiss, defendants argue that the statute of limitations for an action like this is one year, and that the one year period expired on October 23, 1991, 54 days before plaintiff's complaint was filed.

### A. STATUTE OF LIMITATIONS IS ONE YEAR

■ Defendants are correct that the statute of limitations for a section 1983

claim in California is one year. This limitation period begins to accrue at the time of the last act. *See McDougal v. County of Imperial*, 942 F.2d 668, 673–74 (9th Cir. 1991).[1]

One year from the last overt act was October 23, 1991. As a result, plaintiff did not file her complaint within the one year period. Thus, the Court must review the principles of waiver and estoppel because if plaintiff has no defense to the statute of limitations, her claims are barred.

### B. WAIVER AND ESTOPPEL—THE SIX MONTH WARNING FROM THE COUNTY

■ The terms "waiver" and "estoppel" are often used interchangeably. The terms, however, have two distinct meanings and are far from synonymous. "Waiver" is the voluntary, intentional relinquishment of a known right. "Estoppel," on the other hand, rests upon the principle that, where "one's conduct has induced another to take such a position that he will be injured if the first party is permitted to repudiate his acts [or statements]," *Elliano v. Assurance Co. of America*, 3 Cal. App.3d 446, 450–51, 83 Cal.Rptr. 509 (1970) (*citing Bastanchury v. Times–Mirror Co.*, 68 Cal.App.2d 217, 240, 156 P.2d 488 (1945)), the first party cannot be permitted to repudiate his act or statement. At the initial hearing on March 27, 1992, with these legal definitions of waiver and estoppel in mind, the Court ordered further briefing on the following question:

> "Whether waiver or estoppel bar the County from relying on the statute of limitations prior to the completion of the six month period referred to in the County's warning accompanying the Notice of Rejection of Claim."

Having reviewed the supplemental briefing received by the Court on this issue, the Court holds that both waiver and estoppel bar the County from asserting the statute

---

1. The County also argues that plaintiff's sole remedy was a petition for administrative mandamus, which must be filed no later than ninety (90) days following the administrative agency's action. The Court does not find it necessary to review the question of plaintiff's sole remedy as the Court's holding regarding waiver and estoppel would apply to that remedy as well.

of limitations prior to the completion of the six month period.

The letter from the County warned plaintiff that she had six months to file "a court action on this claim." The County now argues that she only had approximately four months in which to file a federal action on her claim.[2] Concededly, the County does not have an affirmative obligation to inform this plaintiff or any other plaintiff of all of their rights. And had the County not made any statement, the one year statute of limitations would apply. The County, however, made an affirmative statement. The County told the plaintiff that she had six months to file *a court action*— not just a state court action, but any court action. In such circumstances, both waiver or estoppel operate to stop the County from asserting that the statute of limitations expired prior to the completion of the six month period.

Under waiver theory, the County has clearly made a voluntary relinquishment of a known right. *See, e.g., Brownrigg v. Defrees*, 196 Cal. 534, 541, 238 P. 714 (1925) ("the privilege conferred by the statute of limitations is … a mere personal right for the benefit of the individual which may be waived"). The County told the plaintiff that she could sue for another six months.

■ Under estoppel theory, the County's statement induced the plaintiff to wait beyond the statute of limitations. One cannot lull his adversary into a false sense of security which causes his adversary to delay filing a claim and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought. *See Carruth v. Fritch*, 36 Cal.2d 426, 433, 224 P.2d 702 (1950); 3 Witkin, Cal.Procedure, Actions, § 523, p. 550 (3d

ed. 1985). The County made a representation that the plaintiff was justified in relying on, and the County cannot at this point repudiate its earlier statement.

The defendants offer several arguments for why waiver and estoppel are inapplicable in this situation. For the reasons that follow, however, all of these arguments fail.

First, the County's suggestion there are no misleading statements is flatly wrong. Indeed, this argument ignores the County's concession that the "warning does not specifically state that federal actions are an exception to the notice." The warning was misleading, and the warning in fact did mislead the plaintiff.

Second, the County argues that California Government Code Section 945.6, which requires a warning, is inapplicable to federal causes of action. Although the Government Code Section alters the statute of limitations for state claims,[3] the County is correct that the Government Code section does not *alter* the federal statute of limitations. That conclusion, however, is entirely separate and non-responsive to the question of whether this warning resulted in either waiver or estoppel. In this regard, it is not the Government Code Section that is troubling. Instead, it is the representation made by the County—"you have six months to file a claim in court." The County simply cannot now hide behind the Government Code and deny that it made a statement that induced plaintiff to file her claim after the statute of limitations had expired.

■ Finally, the County argues that neither waiver nor estoppel should apply because the County is required by statute to

---

**2.** The Court holds that the prefatory phrase "subject to certain exceptions" does not alter the finding of waiver and estoppel. Most importantly, the statute of limitations is not mentioned in Government Code § 945.6, the only code section to which plaintiff was cited.

**3.** California cases have held that the six month provision of Government Code § 945.6 modifies the statute of limitations for state negligence claims. *See Anson v. Merced County*, 202 Cal. App.3d 1195, 249 Cal.Rptr. 457 (1988); *Glorietta Foods, Inc. v. City of San Jose*, 147 Cal.App.3d

835, 195 Cal.Rptr. 355 (1983). In *Glorietta Foods*, for example, the court stated: "In this case we hold that the time within which a claimant against a public entity must file suit to avoid the bar of the statute of limitations depends upon whether the public entity gives notice of rejection of the claim. If such notice is given, the statute of limitations is six months; if not, the statute of limitations is two years from the accrual of the cause of action." 147 Cal.App.3d at 836, 195 Cal.Rptr. 355.

give this specific notice. Indeed, at one point in its papers, the County states: "While acknowledging the court's concern about the notice's sufficiency and clarity, defendants submit that the shortcomings thereof, if any, cannot be attributed to the County." The County thus appears to suggest that the shortcomings of the notice and the subsequent injury as a result of confusion caused by these "shortcomings" should be borne by the plaintiff who relied on the County's statement. Not only is such a result inequitable, but such a result ignores the simple fact that the County was not required to give precisely this notice. Instead, section 913(b) requires only that a warning be given in *"substantially the following form."* The County thus *chose* to identically follow the language contained in the statute—language which includes statements that resulted in a waiver.[4]

In reaching its conclusion in this case, the Court is mindful that the County is assisting plaintiffs pursuing claims against the County. The desire of the Court is not to stop this practice, and indeed the County is still bound by the requirements of the Government Code to give some notice. The Court is of the opinion, however, that the County can fulfill its obligations under the Government Code without misleading individuals situated like this plaintiff. In response to the question: "What could the County have done," the Court notes that several alternative statements could have been made in the warning that would not have resulted in a waiver of the statute of limitations for the federal claim. For example, the warning could specifically have stated that it did not apply to statutes of limitations for federal causes of action. Alternatively, the County could have made more clear that this warning only applied to state claims. These suggestions are but two of a plethora of possible alternatives, and serve to illustrate that the County is not in the desperate situation it perceives itself to be in. Specifically, the County

can, if it chooses, continue to comply with the requirements of the Government Code without waiving the statute of limitations for all federal claims. Moreover, as these examples illustrate, there are several alternatives that could be utilized without unduly complicating the warning. Having not exercised any of these alternatives, it is the County, not the plaintiff, that must accept the consequences of the confusion that played itself out in this case.

Consequently, the Court holds that where the County makes an unequivocal statement to the plaintiff that the plaintiff has six months to file a claim in court, the County cannot turn around and say, "Ha! You only had four months! You should have known better!" *See also Brandt v. Hickel*, 427 F.2d 53, 57 (9th Cir.1970) ("To say to appellants, 'The joke is on you. You shouldn't have trusted us,' is hardly worthy of our great government.").

## CONCLUSION

IT IS HEREBY ORDERED that defendants' motion to dismiss is DENIED.
IT IS SO ORDERED.

---

**4.** Moreover, even if the language were statutorily required, the County has presented no authority for why waiver and estoppel still should not apply. Regardless of the reason for the language chosen, the fact remains that plaintiff was told she had six months in which to file a lawsuit. In such circumstances, plaintiff should get six months to file her lawsuit.