**FAMILIES UNITED OF WASHINGTON COUNTY, d/b/a FYI**

v.

**COMMISSIONER, DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 18, 1992.
Decided Dec. 1, 1992.

Doris A. Harnett (orally), Cuddy & Lanham, Bangor, for appellant.

George C. Schelling (orally), Gross, Minsky, Mogul & Singal, Bangor, Cabanne Howard (orally), Deputy Atty. Gen., Augusta, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

WATHEN, Chief Justice.

Plaintiff Families United of Washington County, a corporation providing mental health services to children and adults in Washington and Hancock counties, appeals from the Superior Court's (Kennebec County, *Chandler, J.*) dismissal of its complaint. Plaintiff seeks to estop the State from barring, on the basis of timeliness, its appeal from an award of a state contract. Plaintiff contends it was effectively denied its right to an administrative appeal of its non-selection for a state contract because the State misinformed plaintiff about the appeals process, resulting in plaintiff missing the filing deadline.[1] Treating the order of dismissal as the granting of a summary judgment, we affirm.

The facts, as developed for purposes of summary judgment, are as follows: In February 1991, the Department of Mental Health and Mental Retardation (hereinafter "the Department") requested proposals for facilities for school-age children in need of treatment for severe emotional distur-

bances. The facilities were required in order for the State to implement a consent decree issued with regard to the Augusta Mental Health Institute. Plaintiff submitted proposals, but the Department awarded contracts to two other agencies named as defendants in this action.

The Department notified plaintiff by a letter dated May 20, 1991, from the Department's Director of the Bureau of Children with Special Needs (hereinafter "the Bureau") that plaintiff had not been selected. The letter did not specify any procedure for an appeal of the decision, but the original request for proposals specified that, "The Department will accept decision appeals for 30 days following notification of selection or non-selection." Although appeal from a contract award is provided by statute, in this instance the statute required that the request for an appeal be filed with the State Purchasing Agent rather than the Department.[2]

After requesting information about the other proposals and the Department's decision, plaintiff submitted a letter, dated June 12, 1991, to the Bureau's Director attempting to appeal the contract award. Plaintiff was notified by the Department that a hearing officer had been appointed, and an appeal hearing was held on Nov. 7, 1991. Witnesses were sworn, and evidence was presented. Notwithstanding the hearing, plaintiff was later notified by a letter from an assistant attorney general that the "processing" of the appeal would be handled by the State Purchasing Agent and that the original hearing officer would not be determining the final agency action, or if the plaintiff had received a decision, to disregard it. Plaintiff was then denied any hearing before the State Purchasing Agent because it had not filed a proper appeal request within 30 days of the contract award.

---

1. In the Superior Court, plaintiff sought de novo consideration of its administrative appeal or, alternatively, remand to the appropriate state agency for appeal hearing on the basis of estoppel. In two other counts, plaintiff sought damages and attorney fees. On appeal, plaintiff argues only the issue of estoppel.

2. The applicable statute reads as follows:

Persons aggrieved by an agency contract award decision under this subchapter may request a hearing of appeal. Such a request must be made to the State Purchasing Agent in writing within 30 days of notification of the contract award.

5 M.R.S.A. 1825–E(2) (Supp.1991).

Plaintiff filed a complaint in Superior Court seeking review of final agency action under M.R.Civ.P. 80C and the Maine Administrative Procedure Act, 5 M.R.S.A. § 11001 (1989). After receiving matters outside the pleadings,[3] the trial court dismissed the action, reasoning that: (1) "jurisdiction cannot be conferred by the use of estoppel, or at least that the estoppel cannot be used to in some way get around a violation of a statute of limitations;" (2) plaintiff failed to establish the required affirmative misconduct because it did not show that the State's actions were purposeful or done with intent to deprive the plaintiff of any right or to deceive the plaintiff; and (3) the potential adverse impact in third-party interests outweighed any injury to plaintiff.

■ Summary judgment is appropriate when the record reveals no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. "We review the Superior Court's decision for errors of law, viewing the record in the light most favorable to the non-moving party." *Diversified Foods, Inc. v. First National Bank of Boston*, 605 A.2d 609, 612 (Me.1992). Plaintiff contends that the court erred by considering the impact on third parties that would result if the State were estopped. Plaintiff also maintains the court erred in requiring intentional affirmative misconduct and in refusing to estop the application of a statute of limitations as a matter of law.

■ We have rejected the common law approach that the government may never be estopped. *City of Auburn v. Desgrosseilliers*, 578 A.2d 712 (Me.1990); *Maine School Admin. Dist. No. 15 v. Raynolds*, 413 A.2d 523 (Me.1980). The Superior Court, however, committed no error in concluding that an appropriate occasion for estoppel was not presented in this case. The court properly considered third-party interests in weighing the equities of estop-ping the State. In *Raynolds*, we established the need to consider "the totality of particular circumstances involved ... as precipitating particular considerations of public policy" in applying equitable estoppel against the government. *Maine School Admin. Dist. No. 15 v. Raynolds*, 413 A.2d at 533. Here, in the presence of a clearly stated appeal provision and in the absence of a deliberate misrepresentation on the part of the State, the court committed no error in refusing to suspend a statute of limitations when it would disrupt an award of state contracts. *See Trull Nursing Home v. State Dept. of Human Serv.*, 461 A.2d 490, 499 n. 16 (Me.1983) (stating that estoppel against the government should be "carefully and sparingly applied," especially when application would have an adverse impact on the public fisc.) (citations omitted). *See also* Jean F. Rydstrom, Annotation, *Modern Status of Applicability of Doctrine of Estoppel Against Federal Government and Its Agencies*, 27 A.L.R.Fed. 702 (1976 & Supp.1992); *Brandt v. Hickel*, 427 F.2d 53, 57 (9th Cir.1970) (stating that the case for estoppel would have been much different if the government's interest would be harmed).

The entry is:

Judgment affirmed.

All concurring.

---

**3.** M.R.Civ.P. 12(c) provides, in pertinent part: If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.