**John BUTLER, Plaintiff–Appellant,**

v.

**CITY OF HUNTINGTON BEACH; Ronald Lowenberg, and other unknown Huntington Beach Police Officers in both their personal and official capacity; Dennis Plymale, Doe 4 D, Defendants–Appellees.**

No. 00–56701.

D.C. No. CV–96–00517–GLT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Decided Dec. 26, 2001.

Before T.G. NELSON, and W. FLETCHER, Circuit Judges, and AIKEN,[*] District Judge.

### MEMORANDUM[**]

John Butler appeals the district court's decision to grant summary judgment as to his 42 U.S.C. § 1983 claims stemming from a police dog-bite incident. The district court held that the claims were time barred. Butler contends that the one-year statute of limitations, as applied to his federal claims, violated his right to equal protection. He also argues that defendants waived the statute of limitations or, alternatively, that they are equitably estopped from asserting it. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment *de novo.*[1] Viewing the evidence in the light most favorable to Butler, we conclude that no genuine issue of material fact exists and that the district court properly applied the relevant substantive law.[2] We therefore affirm.

Because the facts are known to the parties, we do not recite them here. We do note that Butler's suit was filed within six months of the denial of his state administrative claims but more than a year after the dog-bite incident from which his claims arose. We proceed to Butler's arguments.

We find no equal protection problem with the application of California's one-year statute of limitations[3] to Butler's federal claims. The fact that California has chosen to create administrative filing requirements for state claims,[4] and that claimants may in some circumstances have slightly more time to file state claims than they do to file federal ones, shows no discrimination against federal causes of action of the kind *Wilson v. Garcia*[5] sought to prevent.

We also conclude that the defendants did not waive the statute of limitations by failing to raise the issue as an affirmative defense in their answer. Strict adherence to Federal Rule of Civil Procedure 8(c) is not required so long as no prejudice results.[6] Butler does not assert that prejudice resulted, and we find no evidence of prejudice in the record.

We reject Butler's second waiver argument, as well as his argument for estoppel. At best, the warning in the letter denying Butler's administrative claims was confusing.[7] The letter may indeed be susceptible to more than one interpretation. Precisely for that reason, however, it fails to support Butler's argument that it therefore would lull someone into thinking that the statute of limitations for the federal claims was longer than the statute for state claims. Confusion does not establish reasonable reliance. Moreover, Butler's attorney does not argue that he actually

[*] Honorable Ann L. Aiken, United States District Court Judge for the District of Oregon.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *Clicks Billiards, Inc. v. Sixshooters, Inc.,* 251 F.3d 1252, 1257 (9th Cir.2001).

2. *Id.*

3. *See* Cal.Code Civ. Proc. § 340(3).

4. *See* Cal. Govt.Code § 945.6.

5. 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

6. *See Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir.1993).

7. The confusing warning language in the letter distinguishes this case from *Halus v. San Diego Cty. Assessment Appeals Bd.,* 789 F.Supp. 327, 329 (S.D.Cal.1992) upon which Butler relies.

was lulled into relying on the possible interpretation of the letter that he advances. He merely argues that the letter was confusing and subject to multiple interpretations. Accordingly, we reject Butler's second waiver argument and his argument for estoppel.

AFFIRMED.