### ORDER

CAULFIELD, District Judge.

Plaintiff Thomas Emmert brings this action for damages alleging that two Sonoma County Deputy Sheriffs used excessive force in effecting his arrest. Plaintiff asserts claims under 42 U.S.C. § 1983 and several state law theories of recovery. This matter comes before the court on defendants' motion to dismiss the federal claims for failure to file within the applicable statute of limitations period. After careful consideration of the parties' written and oral arguments, defendants' motion is GRANTED.

### BACKGROUND

On October 31, 1990, plaintiff was arrested by two Sonoma County Deputy Sheriffs. Plaintiff alleges that the deputies, for no apparent reason and without probable cause, ordered a police dog to attack plaintiff, and then beat him themselves. Shortly after November 5, 1990, plaintiff entered a no contest plea to charges of battery on an officer. On April 30, 1991, plaintiff submitted a claim for damages to the County of Sonoma in accordance with the California Tort Claims Act, Cal.Gov't Code §§ 900–997.6 (Deering 1982 & Supp.1992). His claim was rejected on June 21, and he filed suit in the Superior

**Thomas F. EMMERT, Plaintiff,**

v.

**COUNTY OF SONOMA, et al., Defendants.**

**No. C 92–4293 BAC.**

United States District Court, N.D. California.

Nov. 2, 1993.

Court for the County of Sonoma on December 23, 1991. The County of Sonoma timely removed the action to federal court on October 29, 1992. Defendants now move to dismiss the federal claims as barred by the applicable statute of limitations.

## DISCUSSION

■ It is settled in the Ninth Circuit that § 1983 claims are subject to California Code of Civil Procedure § 340(3)—a one-year statute of limitations for personal injury torts. *E.g., De Anza Properties, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1085 (9th Cir. 1991). Similarly, federal courts look to state law for applicable tolling provisions. *Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977).

The California Tort Claims Act is a comprehensive set of statutes governing the process for bringing tort actions against state agencies. In general, the Act requires potential plaintiffs to submit a claim for damages to the appropriate state agency before filing suit. Failure to comply with this requirement will result in the suit's dismissal, as will a failure to comply with the Act's time limitations.

The Act contains two tolling provisions that are relevant to this motion: Cal.Gov't Code § 945.3 and § 945.6.

Cal.Gov't Code § 945.3 provides, in part, as follows:

No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money damages against a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a justice, municipal, or superior court.

Any applicable statute of limitation for filing or prosecuting these claims shall be tolled during the period that the charges are pending before a justice, municipal, or superior court....

Cal.Gov't Code § 945.6(a) describes the amount of time a plaintiff has to bring suit in court after a state agency has denied or failed to act on a claim submitted in accordance with the filing requirements of the Tort Claims Act. Subsection (b) provides in relevant part as follows:

When a person is unable to commence a suit on a cause of action described in subdivision (a) within the time prescribed ... because he has been sentenced to imprisonment in a state prison, the time limit for the commencement of such suit is extended to six months after the date that the civil right to commence such action is restored to such person....

■ Section 945.3's tolling provisions apply to § 1983 claims. *Harding v. Galceran*, 889 F.2d 906, 908 (9th Cir.1989). Mr. Emmert, however, filed his claim more than one year after he entered his plea, so his claims are timely only if the tolling provisions of § 945.6(b) also apply. In the opinion of the court, they do not.

Section 945.3 was enacted to prevent criminal defendants from using civil damages complaints as plea bargaining devices in their criminal cases, and to prevent the use of civil actions to gain discovery into prosecutorial information while the criminal action is pending. *Harding*, 889 F.2d at 909; *McAlpine v. Superior Court*, 209 Cal.App.3d 1, 7, 257 Cal.Rptr. 32 (1989). Accordingly, its provisions apply to *all* claims—including § 1983 claims—whether they are otherwise subject to the Tort Claims Act or not.

■ Section 945.6, on the other hand, applies only to those claims that are required to be presented in accordance with the Tort Claims Act, and § 1983 claims do not come within this group, *Williams v. Horvath*, 16 Cal.3d 834, 129 Cal.Rptr. 453, 548 P.2d 1125 (1976).

Accordingly, the court holds that the tolling provisions of § 945.6 do not apply to § 1983 claims, and that Mr. Emmert's federal claims must therefore be DISMISSED.

"[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors ... points toward declining to exercise jurisdiction over the remaining

state-law claims." *Imagineering, Inc. v. Kiewit Pacific Co.*, 976 F.2d 1303, 1309 (9th Cir.1992) (quoting *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988)) (omission in original). The court finds that here the balance of comity, economy, and fairness concerns weighs toward declining pendent jurisdiction. *See* 28 U.S.C.A. § 1367(c)(3) (West 1993). The court has discretion to remand the state law claims, rather than dismiss them, *Carnegie–Mellon Univ.,* 484 U.S. 343, 108 S.Ct. 614, and chooses to do so here.

## CONCLUSION

For all of the foregoing reasons, plaintiff's § 1983 claims are DISMISSED WITH PREJUDICE, and this action is REMANDED to the Superior Court for the County of Sonoma. The Clerk of the Court is instructed to mail a certified copy of this order to the Clerk of the Superior Court, and then to close this file.

IT IS SO ORDERED.