169 F.3d 608
 99 Cal. Daily Op. Serv. 1490, 1999 Daily
Journal D.A.R. 1910
David Minton SILVA, Plaintiff-Appellant,
v.
Andy CRAIN; Michael Rotkin, in his official capacity as
mayor; City of Santa Cruz, Defendants-Appellees.
 No. 98-15281.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Feb. 11, 1999.*
Decided Feb. 26, 1999.
 
 James Moore King, Santa Cruz, California, for the plaintiff-appellant.
 Anthony P. Condotti, Atchison & Barisone, Santa Cruz, California, for the defendants-appellees.
 Appeal from the United States District Court for the Northern District of California James Ware, District Judge, Presiding. D.C. No. CV-97-21102-JW
 Before: SCHROEDER, FERNANDEZ, and SILVERMAN, Circuit Judges.
 FERNANDEZ, Circuit Judge:
 
 
 1
 David Minton Silva appeals the district court's determination that his action under 42 U.S.C. § 1983 is barred by California's general residual one year statute of limitations for tort actions. See Cal.Civ.Proc.Code § 340(3). He asserts that the statute of limitations which applies when damage claims are presented to public agencies should be used. See Cal. Gov't Code §§ 945.6(a), 950.6(b). We affirm.
 
 BACKGROUND
 
 2
 Silva was ejected from a public meeting of the City Council of Santa Cruz, California, on September 10, 1996. He alleges that he was handled roughly and that his constitutional rights were thereby violated. He presented a claim for damages to the City, which it rejected on April 28, 1997. He then waited until October 27, 1997 to file this § 1983 action against the City, the mayor, who had ordered the council chamber cleared, and the officer who allegedly manhandled him.[1] The district court ordered the case dismissed because it was barred by the statute of limitations and Silva appealed.
 
 JURISDICTION AND STANDARD OF REVIEW
 
 3
 The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 4
 We review the dismissal of this action for failure to file within the applicable statute of limitations de novo. See Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir.1998).
 
 DISCUSSION
 
 5
 The basic law regarding the statute of limitations to be applied to § 1983 actions has been established for a decade. "[T]he length of the limitations period, and closely related questions of tolling and application, are to be governed by state law." Wilson v. Garcia, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985); see also Board of Regents v. Tomanio, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980). The particular period which is to be used is the one which applies to "tort actions for the recovery of damages for personal injuries." Garcia, 471 U.S. at 276, 105 S.Ct. at 1947. That could be somewhat ambiguous because different statutes of limitations could apply to different torts in a given state. Any ambiguity is avoided, however, by the corollary that in the event that the state has multiple statutes of limitations, "courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 250, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989).
 
 
 6
 We have previously declared that in California the general, residual statute of limitations for personal injury actions is the one year period set forth in California Civil Procedure Code section 340(3). See Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989). We have never deviated from that determination. That should be the denouement which closes this case.
 
 
 7
 But, argues Silva, when a person presents a damage claim to a public agency pursuant to the California Tort Claims Act, a different special statute of limitations comes into play as to actions against that agency and its employees. The Act requires that notice of a claim be given to a public entity before an action can be brought against it. See Cal. Gov't Code § 911.2. It also provides for a special six-month, or sometimes two-year, statute of limitations. See Cal. Gov't Code § 945.6(a).[2] Silva's attempt to use these provisions to carve out an exception to the one-year statute and thereby resuscitate his fading claim is futile.
 
 
 8
 In general, state notice of claim statutes have no applicability to § 1983 actions. See Felder v. Casey, 487 U.S. 131, 140-41, 153, 108 S.Ct. 2302, 2308, 2314, 101 L.Ed.2d 123 (1988). That, as we have said, includes their special statutes of limitations. See Donovan v. Reinbold, 433 F.2d 738, 741-42 (9th Cir.1970); see also Willis v. Reddin, 418 F.2d 702, 704-05 (9th Cir.1969). Silva's argument that we somehow deviated from that approach when we decided that a special tolling statute (Cal. Gov't Code § 945.3), which is in the general group of sections which deal with claims against public entities, did apply in § 1983 actions. See Harding v. Galceran, 889 F.2d 906, 908 (9th Cir.1989). That case, however, is entirely inapposite. It quite unremarkably held that we must apply state tolling statutes, and as already stated, the government code section in question was a tolling statute. Id. Just as unremarkably, it also held that the part of the statute which precluded the filing of a state action had no effect whatever on § 1983 claims. Id. In other words, we simply followed the general rule that we apply the state's general residual statute of limitations and state rules which toll the running of that statute.
 
 
 9
 Application of that same general rule to § 945.6(a) and § 950.6(b) leads to the opposite conclusion. Neither of those is a general residual statute of limitations, and neither is a tolling statute. On their face, they are merely special statutes of limitations which apply in particular circumstances. We recognize that one district court has held to the contrary, but it erred when it said that § 945.6(a) "effectively tolls" other statutes of limitations. Hood v. City of Los Angeles, 804 F.Supp. 65, 66 (C.D.Cal.1992). The section does no such thing; it is simply a separate freestanding special statute of limitations which applies when claims are presented to public agencies. Once a claim is presented, the section is the only statute of limitations which applies to that claim. It no more tolls the general residual tort statute of limitations than do other wholly separate statutes of limitations. It, like other statutes of limitations, applies and controls cases in a particular area. It is not a general statute of limitations at all. More accurate is Emmert v. County of Sonoma, 836 F.Supp. 715, 716-17 (N.D.Cal.1993). That case properly determined that § 945.6 did not apply to § 1983 claims, but it added a bit of confusion when it spoke of the former section as a tolling statute, although it was probably actually referring to a provision that is inapplicable to this case. See § 945.6(b). See id. at 716. At any rate, we now overrule Hood and any possible suggestion in Emmert that § 945.6(a) is a tolling statute.
 
 CONCLUSION
 
 10
 We hold, as we must, that California's general residual tort statute of limitations of one year, and not its sometimes longer and sometimes shorter special statute of limitations for actions on claims presented to public entities, is the proper statute to use for § 1983 actions arising in that state.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir. R. 34-4 and Fed. R.App. P. 34(a)
 
 
 [1]
 He also filed separate state claims, which were ultimately remanded to the state court and which do not affect this appeal
 
 
 [2]
 Claims against employees of the entity are also covered. See Cal. Gov't Code § 950.6(b)