**Erik VAN DERHEYDT, a Minor, by and through his Guardian Ad Litem, Plaintiff—Appellant,**

v.

**COUNTY OF PLACER; Tracy Grant; Ronald Goodpaster; Kevin Besana; Jeffrey Potter; Donald Hutchinson; Steven Schafer, Defendants—Appellees.**

No. 00–16768.

D.C. No. CV–S–00–677 GEB GGH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Feb. 12, 2002.

■■■■■■■■■■■■■■■■■■

Before HUG, D.W. NELSON, and HAWKINS, Circuit Judges.

## MEMORANDUM *

■ Erik Van Derheydt, a minor acting through his guardian ad litem, appeals the district court's denial of his motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e). We have jurisdiction under 28 U.S.C. § 1291.[1] We review the district court's denial of Van Derheydt's motion for reconsideration for an abuse of discretion, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000), and we reverse.

We have previously identified four grounds for providing relief under Rule 59(e): (1) to correct manifest errors of law or fact upon which the judgment is based, (2) to present newly discovered or previously unavailable evidence, (3) to apply an intervening change in the law, and (4) to prevent manifest injustice. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (per curiam and en banc) (citing 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)). We hold that relief is warranted in this case on both the first and the fourth grounds, and that the district court

should have granted Van Derheydt's motion for reconsideration to correct the clear error of law underlying the judgment, and to prevent the manifest injustice of wrongfully depriving Van Derheydt of his cause of action.

■ At trial, Appellees moved to dismiss Van Derheydt's 42 U.S.C. § 1983 claim, arguing that the statute of limitations had run. This argument, however, has no basis in the law. The case law is clear that state law determines both the length and any tolling of the limitations period to be applied to § 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 269, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Hardin v. Straub*, 490 U.S. 536, 538–39, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999). We have held that the one-year limitations period set forth in California Code of Civil Procedure § 340(3) governs § 1983 actions brought in California. *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir.1999); *Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir.1999). California law tolls this one-year limitations period for minors until they reach the age of majority. Cal.Code Civ. Pro. § 352(a). Although the limitations period governing Van Derheydt's § 1983 claim has yet to start running, Van Derheydt's counsel failed to raise his minority as a defense to Appellee's motion to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. We reject Appellees' argument that Van Derheydt's notice of appeal was invalid because he lacked the assistance of counsel. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) (non-attorney parents or guardians cannot bring actions on behalf of minor children without retaining counsel). Trial counsel represented Van Derheydt in the filing of his notice of appeal. Almost two months after the filing, the district court entered an order substituting Van Derheydt's

trial counsel for his appellate counsel. Because counsel assisted Van Derheydt before the district court and throughout the appeals process, we may review the district court's denial of his Rule 59(e) motion for reconsideration. However, we decline to consider Van Derheydt's claims brought under Federal Rule of Civil Procedure 60(b). The district court did not pass upon them, and thus there is no final, district court order from which we might take jurisdiction. *See* 28 U.S.C. § 1291 ("The court of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts[.]").

dismiss, and the district court dismissed his claim as untimely.

Ordinarily, "[o]ur abuse of discretion review precludes reversing the district court for declining to address an issue raised for the first time in a motion for reconsideration." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999). However, we find this case distinguishable from our other cases in which a party filed a Rule 59(e) motion in an effort to get a second bite at the apple. These cases involved only the moving party's inadvertence in presenting the argument or evidence at issue. *See id.* at 665 (the appellant's argument, first raised in his motion for reconsideration, "was simply too little, too late"); *Novato Fire Prot. Dist. v. United States,* 181 F.3d 1135, 1142 n. 6 (9th Cir.1999) (the district court did not abuse its discretion when it declined to reopen the case to consider an argument made for the first time in a motion for reconsideration); *Sch. Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993) (there was no abuse of discretion when the district court refused to reconsider its summary judgment ruling in light of evidence that was not introduced in the original motion or opposition).

Although Van Derheydt's trial counsel was certainly inadvertent, Appellee's misconduct differentiates this case from our other cases involving the belated presentation of arguments or evidence by the party seeking Rule 59(e) relief. Appellees in their motion to dismiss misled the district court with respect to clearly established law. *See Silva,* 169 F.3d at 610 ("The basic law regarding the statute of limitations to be applied to § 1983 actions has been established for a decade.") In moving to dismiss Van Derheydt's § 1983 claim, Appellees breached their duty to investigate the law reasonably before filing their motion with the court. *See* Fed. R.

Civ. Pro. 11(b)(2) ("By presenting to the court ... a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, ... the claims, defenses, and other legal contentions therein are warranted by existing law[.]"); *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1537 (9th Cir.1986) ("A legal position which is superficially plausible has been held sanctionable where it has no basis in the law and ignores relevant United States Supreme Court authority contrary to the position asserted.") "A court has a right to expect that counsel will state the controlling law fairly and fully; indeed, unless that is done the court cannot perform its task properly." *Golden Eagle,* 801 F.2d at 1539. In misstating the law to the district court, Appellees obtained a judgment that wrongfully deprived Van Derheydt of his right to an adjudication of his § 1983 claim on the merits.

In reversing today, we do not depart from our holding that Rule 59(e) is intended to afford relief only in extraordinary circumstances, and not to routinely give litigants a second bite at the apple. *See 389 Orange St.,* 179 F.3d at 664–65; *Novato Fire Prot. Dist.,* 181 F.3d at 1142 n. 6; *Sch. Dist. No. 1J,* 5 F.3d at 1263. We hold that extraordinary circumstances exist here where Appellees breached their duty to research the law reasonably, and thus prompted a clearly erroneous judgment that unjustly deprived Van Derheydt of his day in court. Accordingly, we REVERSE AND REMAND for further proceedings consistent with this opinion.