353 F.3d 691
 Leroy LUCCHESI, Sr., individually and as sole surviving heir of decedent, Benjamin Lucchesi and as special administrator of the estate of Benjamin Lucchesi; Patricia Odom, individually and as sole surviving heir of decedent, Benjamin Lucchesi, Plaintiffs-Appellants,
v.
BAR-O BOYS RANCH; Del Norte County; Allan Smith, Defendants-Appellees.
 No. 02-17079.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 5, 2003 — San Francisco, California.
 Filed December 22, 2003.
 
 Ellen Lake, Oakland, California, for the plaintiffs-appellants.
 John M. Vrieze, Mitchell, Brisso, Delaney & Vrieze, Eureka, California, for the defendants-appellees.
 Appeal from the United States District Court for the Northern District of California; Phyllis J. Hamilton, District Judge, Presiding. D.C. No. CV-02-00471-PJH.
 Before: David R. Thompson and Stephen S. Trott, Circuit Judges, and Charles R. Weiner, Senior District Judge.*
 OPINION
 DAVID R. THOMPSON, Senior Circuit Judge.
 
 
 1
 Leroy Lucchesi, Sr. and Patricia Odom (collectively "plaintiffs") appeal the district court's summary judgment dismissing their action filed under 42 U.S.C. § 1983 against Bar-O Boys Ranch, Del Norte County, and Allan Smith (collectively "defendants"). The district court granted summary judgment in favor of the defendants on the ground that the plaintiffs' section 1983 claim was barred by the applicable statute of limitations. The court rejected the plaintiffs' argument that the statute of limitations was equitably tolled during the time that they were pursuing a state tort claim under California law. The court determined that the doctrine of equitable tolling was inapplicable because the state tort claim and the section 1983 claim were "separate, distinct, and independent."
 
 
 2
 We conclude that the plaintiffs are not barred from seeking relief from the statute of limitations under the doctrine of equitable tolling. The proper inquiry is whether the plaintiffs' first claim (the state tort claim) and the second claim (the section 1983 claim) concern the same wrong, not whether the two claims are based upon the same law, involve similar procedures, or seek the same remedies. Because the plaintiffs' state tort claim and their section 1983 claim were predicated on the same wrong, the district court should have applied California's three-pronged test to determine whether the plaintiffs are entitled to equitable tolling. We, therefore, reverse and remand to the district court for consideration of California's three-pronged test. We reject the plaintiffs' argument that the defendants waived, or are equitably estopped from asserting, the statute of limitations.
 
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 
 3
 On October 9, 2000, Benjamin Lucchesi died while participating in compulsory morning exercises at the Bar-O Boys Ranch, a facility maintained by Del Norte County, California. An autopsy performed on Benjamin described his cause of death as "Sudden cardiac death associated with exercise, (interval-minutes)." The autopsy report also noted that bronchial asthma was a significant condition.
 
 
 4
 Initially, the plaintiffs pursued a tort claim against Del Norte County under the California Tort Claims Act ("CTCA"), Cal. Gov't Code §§ 810, et seq. As required by the CTCA, on April 3, 2001, the plaintiffs filed a wrongful death claim with the County. They included in their claim allegations that the Bar-O Boys Ranch, Allen Smith, and other individuals not named as parties in this case deprived Benjamin of his civil rights and subjected him to cruel and unusual punishment. They also alleged that the defendants knew or should have known that Benjamin suffered from asthma but did not make adequate medical care available to him while he was engaging in a mandatory exertional physical activity.
 
 
 5
 On August 6, 2001, four months after the claim was filed, the Del Norte County Board of Supervisors served the plaintiffs with a Notice of Rejection of Claim ("Rejection Notice"). The Rejection Notice contained the following language:
 
 WARNING:
 
 6
 Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim. See Government Code § 945.6.
 
 
 7
 The plaintiffs did not file an action under the CTCA. Instead, on January 25, 2002, they filed the present section 1983 action in federal court. The plaintiffs' section 1983 complaint echoes the allegations made in the tort claim they filed with the County. They allege that the defendants violated Benjamin's civil rights and subjected him to cruel and unusual punishment by knowingly depriving him of adequate medical care. In addition, they allege that the defendants failed to institute a system for communicating the medical history and records of minors transferred from Juvenile Hall to Bar-O Boys Ranch, failed to have a system in place for medical emergencies, and failed to require their staff to be "CPR" certified.
 
 
 8
 The plaintiffs' section 1983 action was filed within six months of service of the County's Rejection Notice, but was not filed within one year of Benjamin's death. The defendants moved to dismiss the action on the ground that it was not filed within the applicable one-year statute of limitations. The plaintiffs opposed the motion, arguing that the limitations period was equitably tolled for the four months their state tort claim was pending before the County, and that, in any event, in view of the wording of the County's Rejection Notice, the defendants had waived or were estopped from asserting the one-year statute of limitations.
 
 
 9
 The district court converted the defendants' motion to dismiss to a motion for summary judgment and granted judgment in favor of the defendants. The court held that the doctrine of equitable tolling did not apply because the state tort claim, the first claim, and the section 1983 claim, the second claim, were "separate, distinct, and independent." The court also rejected the plaintiffs' waiver and estoppel arguments. This appeal followed.
 
 
 DISCUSSION
 
 A. Equitable Tolling
 
 10
 State law governs the statutes of limitations for section 1983 actions as well as questions regarding the tolling of such limitations periods. Wilson v. Garcia, 471 U.S. 261, 269, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). It is undisputed that the applicable statute of limitations in this case is the residual one-year statute for personal injury actions set forth in California Code of Civil Procedure section 340(3). It is also undisputed that the plaintiffs filed their section 1983 action after the expiration of that one-year limitations period. The primary issue before us is whether, under California law, the plaintiffs are eligible for equitable tolling. This is a purely legal issue which we review de novo. See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1175 (9th Cir.2000).
 
 
 11
 In determining whether a plaintiff is entitled to equitable tolling under California law, courts apply a three-pronged test. The three elements of the test are: (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim. Collier v. City of Pasadena, 142 Cal.App.3d 917, 924, 191 Cal.Rptr. 681 (1983). If a plaintiff's first claim and second claim concern different wrongs, however, equitable tolling is not available and the three-pronged test is not applied. See, e.g., Loehr v. Ventura County Comm. College Dist., 147 Cal.App.3d 1071, 195 Cal.Rptr. 576 (1983); Arnold v. United States, 816 F.2d 1306 (9th Cir.1987).
 
 
 12
 In Loehr, the California Court of Appeal held that the filing of the plaintiff's constitutional claim under section 1983 did not toll the statute of limitations for the plaintiff's various state-law causes of action. The court explained that each of the state-law causes of action was "predicated upon a different wrong" and "based on a set of facts independent of those set forth" in the section 1983 claim. Loehr, 147 Cal.App.3d at 1085, 195 Cal.Rptr. 576.
 
 
 13
 Similarly, in Arnold, we held that the filing of the plaintiff's Title VII claims for sexual harassment and discrimination did not equitably toll the statute of limitations for the plaintiff's state tort claims for assault, battery, false imprisonment, and intentional infliction of emotional distress. We reasoned that the "wrong" underlying the plaintiff's Title VII claims was distinct from that underlying her state-law claims: "In her state-law claims Arnold seeks to vindicate not her right to be free from discrimination in the workplace, but rather her right to be free from `bodily or emotional injury caused by another person.'" Arnold, 816 F.2d at 1312-13 (citations omitted).
 
 
 14
 In the present case, the district court held that the plaintiffs were not eligible for equitable tolling because their state law tort claim and their section 1983 claim were "separate, independent, and distinct in nature," and therefore concerned "separate, distinct and independent wrongs." We disagree with this reasoning. The fact that two claims may be separate, distinct and independent insofar as they are founded upon different laws, involve different procedures or seek different remedies does not compel the conclusion that they arise from separate wrongs. Here, both claims arise from the same wrong predicated upon identical facts — i.e., the defendants' failure to provide adequate medical care to Benjamin even though the defendants allegedly knew or should have known that he suffered from a potentially life-threatening medical condition.
 
 
 15
 California law does not require that the two claims seek the same remedies, involve the same procedures, or arise from the same laws in order for equitable tolling to apply. In Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131 (9th Cir.2001)(en banc), we overruled Fobbs v. Holy Cross Health System Corp., 29 F.3d 1439 (9th Cir.1994), to the extent that Fobbs added a threshold requirement that to be eligible for equitable tolling a plaintiff must seek the same remedy in each case. We explained that the rationale for requiring that a plaintiff's second claim be based on the same wrong set forth in the first claim does not warrant a requirement that the plaintiff seek the same remedy as well:
 
 
 16
 As the courts have explained for years, the equitable tolling doctrine requires that the same wrong serve as the predicate for the earlier and later proceedings to make sure defendant received proper notice. In this way, defendant is protected from stale claims. Once notified that a plaintiff seeks a remedy for a certain wrong, defendant can gather evidence, interview witnesses, and locate documents.
 
 
 17
 Daviton, 241 F.3d at 1141.
 
 
 18
 Following the reasoning of Daviton, we reject the notion that the plaintiffs are ineligible for equitable tolling because their state claim and federal claim are founded on different laws, entail different procedures, or involve different remedies. Because the two claims are predicated upon the same wrong, the plaintiffs will be entitled to equitable tolling if they can satisfy California's three-pronged test. See, e.g., Azer v. Connell, 306 F.3d 930 (9th Cir.2002) (holding that plaintiff's state court action resulted in equitable tolling of the limitations period governing plaintiff's section 1983 action arising from the same events).
 
 
 19
 The defendants argue that Silva v. Crain, 169 F.3d 608 (9th Cir.1999) and Javor v. Taggart, 98 Cal.App.4th 795, 120 Cal.Rptr.2d 174 (2002), preclude the application of equitable tolling when the first case involves the presentation of a claim under the CTCA. The defendants mischaracterize Silva and Javor.
 
 
 20
 In Silva, we did not address equitable tolling, but, rather, clarified that the applicable statute of limitations for section 1983 claims is California's general residual one-year statute of limitations for tort actions, not the special statutes of limitations set forth in California Government Code sections 945.6(a) and 950.6(b), which govern claims under the CTCA. Similarly, in Javor, the California Court of Appeal did not decide the issue of equitable tolling, but rather, relied on Silva in holding that the plaintiff's section 1983 claim was barred by the one-year statute of limitations.
 
 
 21
 The defendants also argue that equitable tolling should not apply in any event because the plaintiffs' CTCA claim, which was presented to Del Norte County, was not filed with a formally constituted agency authorized to adjudicate claims and provide remedies. This argument is unpersuasive. California policy "favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage." Addison v. State, 21 Cal.3d 313, 317, 146 Cal.Rptr. 224, 578 P.2d 941 (1978). When a tort claim is filed with a public entity under the CTCA, as occurred here, the public entity may allow the claim in full or in part. Cal. Gov't Code § 912.6. The filing of such a claim, therefore, consistent with Addison, constitutes a good faith pursuit of a legal remedy designed to lessen the extent of a plaintiff's damages.
 
 
 22
 We conclude that the plaintiffs are eligible for equitable tolling of California's one-year limitations period. Thus, we remand this case to the district court so that it can apply California's three-pronged test to determine the merits of the plaintiffs' equitable tolling claim.
 
 B. Waiver and Estoppel as to the Defendants
 
 23
 The plaintiffs argue remand is unnecessary because, by the wording of the County's Rejection Notice, the defendants waived the statute of limitations defense and are estopped from asserting it. The plaintiffs contend that the County's Rejection Notice reasonably led them to believe that they had six months from the rejection of their state tort claim to file their section 1983 action. We disagree.
 
 
 24
 Under California law, waiver is a "voluntary relinquishment of a known right." Isaacson v. City of Oakland, 263 Cal.App.2d 414, 419, 69 Cal.Rptr. 379 (1968). Waiver of a statute of limitations "cannot be established without a clear showing of an intent to relinquish that right, and doubtful cases will be resolved against waiver." Id.
 
 
 25
 The plaintiffs' waiver argument fails because the County's Rejection Notice, although somewhat ambiguous, does not make any statement that reveals an intention to waive the statute of limitations for section 1983 claims. The notice states: "[Y]ou have only six (6) months ... to file a court action on this claim. See Government Code § 945.6." Although the notice does not specify that it is referring to state court actions under the CTCA, the notice cites to the CTCA. In addition, the notice refers to "this claim."
 
 
 26
 The plaintiffs' estoppel argument also fails. Putting aside the need for a sufficient representation upon which to predicate reliance, the plaintiffs cannot establish reasonable reliance. See Lantzy v. Centex Homes, 31 Cal.4th 363, 384, 73 P.3d 517 (2003). Unlike the plaintiff in Halus v. San Diego County Assessment Appeals Bd., 789 F.Supp. 327 (S.D.Cal.1992), the plaintiffs here were represented by an attorney. Their counsel should have been aware that the six-month period referred to in the Rejection Notice applied to CTCA claims only. To the extent counsel for the plaintiffs relied on the Rejection Notice as giving the plaintiffs six months from the rejection of their state tort claim to file their section 1983 action, such reliance was not reasonable.
 
 
 27
 We affirm the district court's rejection of the plaintiffs' waiver and estoppel arguments.
 
 
 28
 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion. Each of the parties shall bear their own costs for this appeal.
 
 
 
 Notes:
 
 
 *
 Honorable Charles R. Weiner, Senior District Judge for the district of Eastern Pennsylvania, sitting by designation