**Robert–John: FOTI, Plaintiff–Appellant,**

v.

**COUNTY OF SAN MATEO, et al., Defendants–Appellees.**

No. 01–16968.

D.C. No. CV–00–04783–SI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Dec. 23, 2003.

Jayne E. Fleming, Kathleen Banke, Reed, Smith, Crosby, Heafey LLP, Oakland, CA, Robert–John Foti, pro se, Woodacre, CA, for Plaintiff–Appellant.

Deborah Penny Bennett, County Counsel's Office, Redwood City, CA, Alexis K. Wodtke, Susan M. Popik, Chapman, Popik & White, San Francisco, CA, E. Katherine O'Brien, AGCA–Office of the California Attorney General (LA), Los Angeles, CA, for Defendants–Appellees.

Before B. FLETCHER, TASHIMA, Circuit Judges, and POLLAK, Senior District Judge.*

## MEMORANDUM**

Robert–John: Foti appeals the district court's dismissal of his action under 42 U.S.C. § 1983 alleging false arrest and imprisonment and violations of his Fourth, Fifth, Sixth, and Seventh Amendment rights in connection with his arrests in 1995 and 1999. On May 14, 2001, the district court dismissed Mr. Foti's claims against Judge Craig L. Parsons and against California Highway Patrol officers Theresa Simmons and K.E. Gibbons (collectively, "officers") pursuant to Federal Rule of Civil Procedure 12(b)(6). The court ruled that Mr. Foti's claims against Judge Parsons were barred by the doctrine of judicial immunity, and that his claims against the officers were barred by the statute of limitations. The district court also dismissed Mr. Foti's claims against the County of San Mateo ("County"), concluding that he had failed to state a claim of municipal liability against the County, but granted him leave to amend his complaint. Mr. Foti filed an amended complaint, and the County filed a new motion to dismiss. On August 17, 2001, the district court dismissed Mr. Foti's claims against County, concluding that Mr. Foti had failed to state a claim of municipal liability.

We review *de novo* district court orders of dismissal for failure to state a claim pursuant to Rule 12(b)(6). *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1149 (9th Cir.2000). In reviewing the district court's dismissal for failure to state a claim, we must accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). A motion to dismiss may not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Because the parties are familiar with the facts, we do not recite them here except as necessary to aid in understanding this disposition.

■ Mr. Foti argues that the district court erred in ruling that his amended complaint failed to allege the requisite elements of the County's municipal liability under section 1983. Under *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a municipality is subject to liability under section 1983 when "under color of some official policy, [it] 'causes' an employee to violate another's constitutional rights." *Id.* at 692. Mr. Foti has not alleged that the harm he complains of was the consequence of a specific municipal policy or custom, or resulted from any deliberate conduct by the County or its policy-making

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

officials. What Mr. Foti has alleged, in paragraphs 7 to 13 of his amended complaint, is that a warrant for his arrest was improperly issued and never withdrawn, and he has further alleged—with minor verbal variations—that "[t]he County appears to ratify this behavior and practice by not taking corrective action, investigating, nor monitor [sic] supposed arrest warrants issued by its Courts, especially after knowledge to it in the form of a claim made against it." Even assuming that the failure to remedy or withdraw a baseless warrant caused a legally cognizable injury, the asserted injury can, at most, be ascribed only to error or neglect on the part of the San Mateo County Superior Court, which has the authority to issue and withdraw warrants. As a part of the judicial branch of the government of California, the Superior Court is not under the control of the County, which is an element of the executive branch. As the executive branch lacks the authority to order a court to withdraw a duly issued bench warrant, it would be improper for the County to "tak[e] corrective action" against the Superior Court. The failure to do so cannot represent an unconstitutional municipal policy or custom. Accordingly, we affirm the district court's dismissal of Mr. Foti's claims against the County.

■ Mr. Foti also challenges the district court's ruling that the doctrine of judicial immunity barred his claims against Judge Parsons. It is a longstanding rule that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Mr. Foti contests the invocation of judicial immunity by arguing that Judge Parsons lacked

personal jurisdiction over Mr. Foti when he conducted a probable cause hearing and booked Mr. Foti without first receiving a written, sworn complaint. There are instances in which the immunity of a judge purporting to perform a judicial act may be pierced when the court lacks subject matter jurisdiction, but judicial immunity may not be pierced for lack of personal jurisdiction. *Ashelman v. Pope*, 793 F.2d 1072, 1076 (9th Cir.1986). Judge Parsons, as a magistrate judge, was clearly acting within his subject matter jurisdiction when he conducted a probable cause hearing related to an arrest for traffic violations. At most, proceeding in the absence of a written, sworn complaint may be deemed a "grave procedural error" that, pursuant to *Stump*, does not pierce the cloak of immunity. *See O'Neil v. City of Lake Oswego*, 642 F.2d 367, 368–70 (9th Cir.1981) (upholding immunity of municipal court judge who convicted individual of contempt without an affidavit outlining the facts of the contempt, as was required by state law). We affirm the district court's dismissal of Mr. Foti's claims against Judge Parsons.

■ Finally, Mr. Foti contends that the district court erred when it dismissed on statute-of-limitations grounds his claims against Officers Simmons and Gibbons. Section 1983 claims brought in California are characterized as personal injury actions for statute of limitations purposes. *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir.1999). At the time Mr. Foti filed his original complaint, the statute of limitations for personal injury actions in California was one year after the cause of action accrued. Cal.Civ.Proc.Code § 340(3) (2000).[1] Federal law determines the accrual of a section 1983 action, *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999),

---

1. Effective January 1, 2003, California increased the statute of limitations for personal injury actions to two years. Cal.Civ.Proc. Code § 335.1.

and under federal law a cause of action generally accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Trotter v. Int'l Longshoremen's & Warehousemen's Union, Local 13*, 704 F.2d 1141, 1143 (9th Cir.1983).

The general rule of *Trotter* is not controlling, however, under certain circumstances in which criminal charges connected with incidents forming the basis of a section 1983 action are pending. This exception derives from the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck*, the Court held that a plaintiff is barred from bringing a section 1983 suit to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* at 486–87. Consequently, a section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been overturned. *Id.* at 489–90.

In *Cabrera v. City of Huntington Park*, 159 F.3d 374 (9th Cir.1998), we applied the rationale of *Heck* to a claim of false imprisonment and false arrest. The plaintiff in *Cabrera*, who had been arrested and convicted for disturbing the peace, filed a section 1983 suit three years later alleging that there had been no probable cause for his arrest. *Id.* at 377. Because a finding of no probable cause "would necessarily imply the invalidity of his conviction," we concluded that, under *Heck*, the plaintiff's claim "did not accrue until his conviction was invalidated." *Id.* at 380. More recently, in *Harvey v. Waldron*, 210 F.3d 1008 (9th Cir.2000), we extended the *Heck*

rule to circumstances in which criminal charges are pending, holding that "a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist." *Id.* at 1014.

Mr. Foti claims that there was no probable cause for his arrest and imprisonment in 1995. A finding of no probable cause would necessarily imply the invalidity of his potential conviction. Therefore, for any period in which charges were pending against Mr. Foti, his section 1983 claim was not cognizable, and did not accrue until the charges were dismissed.

It is unclear from the record whether the County filed formal charges against Mr. Foti in connection with his alleged traffic violations. Mr. Foti alleges that the case for which a warrant was issued on April 11, 1995, and the case that was dismissed on January 24, 2000, bear the same number, NM252975A. Based on the common case number, he claims that formal charges were filed in 1995 and were pending until they were dismissed in 2000. We leave it to the district court to address on remand the question of whether criminal charges were in fact pending. If, on remand, the district court finds that charges were indeed pending, then Mr. Foti's section 1983 claim would not have accrued until the pending charges were dismissed on January 24, 2000, and his complaint in this case—filed December 26, 2000—would have been timely filed under the one-year statute of limitations. Accordingly, we reverse the district court's dismissal of Mr. Foti's claims against the officers, and remand to the district court for further proceedings consistent with this disposition.[3]

---

**3.** Mr. Foti also claims that the district court should have applied the continuing violations

doctrine, which permits a plaintiff to base liability on conduct that occurs beyond the

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

limitations period if the conduct is closely related to allegedly unlawful conduct occurring within the limitations period. *See Green v. Los Angeles County Superintendent of Schs.*, 883 F.2d 1472, 1480–81 (9th Cir.1989). Mr. Foti's submissions on this appeal fall far short of such a showing. We leave it open to the district court to consider, on an enlarged record, whether the continuing violations doctrine has any applicability to Mr. Foti's claims.