Frederick FEIED, Plaintiff—Appellant,

v.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al., Defendants—Appellees.

No. 04–17523.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 4, 2006.

Decided June 20, 2006.

Andrew W. Shalaby, Esq., El Cerrito, CA, for Plaintiff–Appellant.

Eric Behrens, Esq., University of California Office of the General Counsel, Oakland, CA, Susan J. King, DAG, Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: FERGUSON, TROTT, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Frederick Feied appeals the District Court's dismissal of his 42 U.S.C. § 1983 action against the Regents of the University of California (Regents), the California Public Employees' Retirement System (PERS), and their respective retirement

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36–3.

administrators for alleged Fifth and Fourteenth Amendment violations concerning the payment of retirement benefits. We affirm the District Court's dismissal on the basis that Feied's claims are time-barred. With respect to the Regents, Feied's claims are also barred by the Eleventh Amendment.

We review de novo the dismissal of an action for failure to file within the applicable limitations period. *Silva v. Crain*, 169 F.3d 608, 610 (9th Cir.1999). We review questions of law de novo, *United States v. Ziskin*, 360 F.3d 934, 938 (9th Cir.2003), such as whether an entity is entitled to Eleventh Amendment immunity, *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 838 (9th Cir.1997).

## I.

Feied filed his § 1983 action with the District Court on June 29, 2004. Section 1983 claims are characterized as personal injury claims. *Silva*, 169 F.3d at 610. The statute of limitations for personal injury claims in California is two years. Cal. Civ.Proc.Code § 335.1 (West 2006). Prior to January 1, 2003, the applicable limitations period was one year. Cal.Civ.Proc. Code § 340(3) (West 1982), *amended and redesignated by* 2002 Cal. Stat. ch. 448 § 3. We examine when Feied's § 1983 action accrued to determine which limitations period applies, and whether that limitations period had run by the time Feied filed his complaint in 2004.

█ A § 1983 action accrues when the party "knows or has reason to know of the injury which is the basis of the action." *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir.1994) (internal quotation marks omitted). The basis for Feied's action is the Defendants' allegedly unconstitutional denial of contested retirement benefits. At the latest, Feied knew of this injury in 1996, when PERS refused to pay

Feied contested interest/capitalization as part of its final award to him of retirement benefits. By 1996, the Regents had also clearly conveyed to Feied their position that he was ineligible for retirement benefits and that no payments from them would be forthcoming. Nothing that has occurred in the interim, such as the California state court's dismissal of Feied's 2002 contract suit against the same Defendants, enhances the Defendants' original injury or creates a new injury attributable to the Defendants that could have the effect of restarting the clock. Since Feied waited until 2004 to challenge the Defendants' 1996 denial of benefits as unconstitutional, his § 1983 action is time-barred under the one-year statute of limitations in effect in 1996. Cal.Civ.Proc.Code § 340(3) (West 1982) (amended 2002).

Feied argues unavailingly that his § 1983 action accrued not in 1996, but rather at the conclusion of the contract suit that he filed in state court in 2002 against the Regents and PERS. Feied contends that the relevant § 1983 injury is the Defendants' unconstitutional "subjection" of his state court suit to a time bar. This claim is without merit. The Defendants did not "subject" Feied's contract suit to a time bar—they merely complied with the state court's ruling that Feied's suit was time-barred. In so complying, the Defendants did not violate any federal laws or otherwise deprive Feied of his constitutional rights. As such, Feied's claim that the outcome of the state court suit forms the basis of his § 1983 action fails on its face. *See* 42 U.S.C. § 1983 (providing for a cause of action when the defendant *acts under color of state law to deprive the plaintiff of his federal rights* ).

## II.

█ With respect to the Regents, Feied's action is also barred by the Elev-

enth Amendment, which prohibits suits against states by their citizens, *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), and by citizens of other states or foreign countries, U.S. Const. amend. XI. Under the Eleventh Amendment, the State of California is generally immune from § 1983 suits, as are any entities considered to be an "instrumentality" or "arm" of the state. *BV Eng'g v. Univ. of Cal., L.A.,* 858 F.2d 1394, 1395 (9th Cir.1988).

This Court has repeatedly held that the Regents are an arm of the state entitled to Eleventh Amendment immunity. *E.g., Armstrong v. Meyers,* 964 F.2d 948, 949–50 (9th Cir.1992); *Thompson v. City of L.A.,* 885 F.2d 1439, 1443 (9th Cir.1989); *BV Eng'g,* 858 F.2d at 1395; *Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir. 1982). Despite this line of cases, Feied contends that the Regents are not entitled to immunity in his case. In support of this position, Feied emphasizes the substantial organizational and administrative autonomy that the Regents enjoy.

Feied's argument is foreclosed by *Doe v. Lawrence Livermore Nat'l Lab.,* in which this Court held that the "single most important factor" in assessing whether an entity is an arm of California is not the degree of administrative autonomy the entity enjoys, but whether the State of California is ultimately legally liable for a judgment against the entity. *See* 131 F.3d at 838–39. In *Doe,* we recognized that the Regents enjoy substantial autonomy, *see* 65 F.3d 771, 775 (9th Cir.1995), but went on to hold that because the dispositive inquiry is California's legal liability for the Regents, "the University is an arm of the State of California," 131 F.3d at 839 (on remand from the Supreme Court). Accordingly, Feied's contention that the Regents are not entitled to Eleventh Amend-

ment immunity due to their administrative autonomy fails.

Feied makes two additional arguments countering the Regents' claim of Eleventh Amendment immunity: first, that the Regents are judicially estopped from claiming to be an arm of California based on their position in the 2002 state court proceedings; and second, that the *Ex parte Young* exception to Eleventh Amendment immunity applies in this case. *See* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). We reject both of these arguments for the reasons well-stated in the District Court opinion.

For the foregoing reasons, we uphold the District Court's dismissal of Feied's § 1983 action as time-barred, and find in the alternative that his claims against the Regents are barred under the Eleventh Amendment.

AFFIRMED.