FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE, | No. 11-15197 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00118-AWI-SKO |
| v. | |
| KAWEAH DELTA HOSPITAL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted May 15, 2012[**]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

John Doe appeals pro se from the district court's summary judgment in his

42 U.S.C. § 1983 action alleging that defendants' public disclosure of his medical

information violated his right to privacy and various state laws.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's grant of summary judgment and its statute of limitations determination.  *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).  We may affirm on any ground supported by the record.  *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008).  We affirm in part, reverse in part, and remand.

The district court granted summary judgment on the ground that Doe's claims were barred by the statute of limitations.  Viewing the evidence in the light most favorable to Doe, he learned of Breseman's latest disclosure of his medical information in fall 2005.  Doe then filed an administrative claim on October 10, 2007, possibly within the two-year limitations period.  *See Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007) (forum state's statute of limitations for personal injury actions, which is two years in California, applies to § 1983 claims); *O'Connor v. Boeing N. Am., Inc.*, 311 F.3d 1139, 1147 (9th Cir. 2002) (the statute of limitations accrues when plaintiff knows or reasonably should know of the existence and cause of his injury).

Because defendants Kaweah Delta Hospital and Kaweah Delta Healthcare District had timely notice of the administrative action, we reverse and remand so that the district court may consider whether Doe brought his administrative claim within the limitations period, and whether Doe is entitled to equitable tolling of his

§ 1983 claim against these defendants. *See Canatella*, 486 F.3d at 1132 (forum state's tolling laws apply to § 1983 claims unless they are inconsistent with federal law); *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 696 (9th Cir. 2003) (discussing equitable tolling of a § 1983 claim following the filing of an administrative claim).

However, we affirm summary judgment as to defendant Breseman because there is no evidence that she had timely notice of Doe's claims against her. *See Cal. Rest. Mgmt. Sys. v. City of San Diego*, 126 Cal. Rptr. 3d 160, 169 (Ct. App. 2011) (discussing timely notice requirement for equitable tolling under California law).

Doe's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

The parties shall bear their own costs on appeal.

**AFFIRMED in part; REVERSED in part; and REMANDED.**