**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHANE BEAUDOIN, | No. 15-15028 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02601-MCE-CKD |
| v. | |
| STAN SCHLACHTER, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted December 14, 2016 [**]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Shane Beaudoin appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging sexual assault by a prison physical therapist.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo both a district

court's dismissal on the basis of the statute of limitations, and its equitable tolling

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

analysis where the relevant facts are undisputed. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Beaudoin's action as time-barred because the documents attached to Beaudoin's complaint show that the last date that Beaudoin could have been sexually assaulted was in July 2009. *See* Cal. Civ. Proc. Code §§ 335.1; 352.1(a) (personal injury claims are subject to a two-year statute of limitations tolled for up to two years due to incarceration); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (§ 1983 claims are governed by forum state's statute of limitations for personal injury actions, and they accrue when the plaintiff knows or should know of the injury that is the basis of the cause of action); *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations [is] tolled while a prisoner completes the mandatory exhaustion process."); *see also Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014) (although the court accepts as true factual allegations in a complaint, it need not accept as true allegations that contradict matters incorporated by reference).

The district court properly found that Beaudoin was not entitled to equitable tolling for the period that he pursued his related tort claim under the California

Tort Claims Act ("CTCA") because that claim was untimely. *See Lucchesi v. Bar-O Boys Ranch*, 353 F.3d at 694-95 (9th Cir. 2003) (noting that state law governed questions regarding the tolling of the statute limitations for § 1983 claims and that plaintiffs' § 1983 claim was equitably tolled during the time they pursued a timely filed state tort claim under the CTCA); *Tarkington v. Cal. Unemployment Ins. Appeals Bd.*, 92 Cal. Rptr. 3d 131, 140 (Ct. App. 2009) ("What matters [for application of the equitable tolling doctrine] is whether the first claim was filed in a timely fashion . . .").

Beaudoin's reliance on the doctrine of substantial compliance is without merit because the doctrine cannot be invoked to excuse compliance with the statute of limitations.

**AFFIRMED.**