**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN DOE, | No. 16-16650 |
| Plaintiff-Appellant, | D.C. No. 1:08-cv-00118-AWI-BAM |
| v. | |
| KAWEAH DELTA HOSPITAL; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

John Doe appeals pro se from the district court's summary judgment in his

42 U.S.C. § 1983 action alleging violations of his privacy rights. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hernandez v. Spacelabs*

*Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Doe's § 1983 claims because Doe failed to raise a genuine dispute of material fact as to whether his alleged injury was caused by a policy or custom of Kaweah Delta Hospital or the Kaweah Delta Health Care District. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) ("[A] municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates. In order to establish municipal liability, a plaintiff must show that a policy or custom led to the plaintiff's injury." (citation and internal quotation marks omitted)).

To the extent Doe challenges the district court's disposition of his claims against defendant Breseman, this court previously resolved this issue in *Doe v. Kaweah Delta Hospital*, 478 F. App'x 390 (9th Cir. May 23, 2012), and we are bound by this determination. *See S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1136 (9th Cir. 2004) ("The law of the case doctrine . . . precludes a court from reexamining an issue previously decided . . . in the same case.").

In light of our disposition, we do not reach Doe's contentions concerning equitable tolling.

We do not consider matters not specifically and distinctly raised and argued

in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Doe's motion for appointment of counsel (Docket Entry No. 29) is denied.

**AFFIRMED.**